In the Matter of the Application of the Directors of THE AMERICAN LACE AND FANCY PAPER WORKS for Voluntary Dissolution.

WALTER E. WATTS, Appellant; JAMES COCKCROFT and SAMUEL I. KNIGHT, as Receivers of THE AMERICAN LACE AND FANCY PAPER WORKS, Respondents.

*Corporation — the claim of a manager thereof for wages is not entitled to a preferential payment from a receiver.*

A manager of a corporation, acting under a written agreement to "diligently and faithfully serve the said American Lace and Fancy Paper Works during the said term of one (1) year as manager of every branch and department" thereof, and in such capacity to "devote his entire time and services to the supervision and management of the business of the said American Lace and Fancy Paper Works to the best of his ability," and who, under such employment, exercised absolute control and supervision over the affairs of the company, without interference by any other person whatsoever, and was not engaged in the performance of manual labor, is not entitled to a preference in the payment of his wages by the receiver of the corporation under the provisions of chapter 376 of the Laws of 1885, by which "the wages of the employees, operatives and laborers thereof shall be preferred to every other debt or claim against such corporation."

APPEAL by Walter E. Watts, a creditor of the above-named corporation, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 17th day of February, 1898, denying his motion for an order directing the receivers of said corporation to pay a sum claimed to be due to him for wages as an employee of The American Lace and Fancy Paper Works.

George Brush, for the appellant.

L. Laflin Kellogg [Alfred C. Petté with him on the brief], for he respondents.

SECOND DEPARTMENT, MAY TERM, 1898.        [Vol. 30.

WILLARD BARTLETT, J.:

This is a proceeding for the voluntary dissolution of a corporation in which receivers have been duly appointed. Between August 20, 1895, and June 30, 1896, and again between July 1, 1896, and May 10, 1897, the appellant, Walter E. Watts, acted as the manager of the corporation, and he claims that he is entitled to a preference for the unpaid balance of his compensation as such manager, under the provisions of chapter 376 of the Laws of 1885, which enacts as follows: "Where a receiver of a corporation, created or organized under the laws of this State and doing business therein, other than insurance and moneyed corporations, shall be appointed, the wages of the employees, operatives and laborers thereof shall be preferred to every other debt or claim against such corporation, and shall be paid by the receiver from the moneys of such corporation which shall first come to his hands."

The learned judge at Special Term was of the opinion that the appellant was not either an employee, operative or laborer within the meaning of the statute, and, therefore, denied his application for an order directing the payment of his claim by the receivers.

We think the view of the court below was correct. The motion papers do not specify what were the duties undertaken by the appellant during his first period of service, but merely state that he "was employed by the said corporation as manager thereof at the weekly wages of forty ($40.00) dollars, payable at the end of each and every week." During the second period of service, however, he acted under a written agreement whereby he undertook to "diligently and faithfully serve the said American Lace and Fancy Paper Works during the said term of one (1) year, as manager of every branch and department of the American Lace and Fancy Paper Works," and in such capacity to "devote his entire time and services to the supervision and management of the business of the said American Lace and Fancy Paper Works to the best of his ability." Under this employment, according to the affidavit of one of the receivers, the said Watts exercised absolute control and supervision over the affairs of the company without interference or supervision by any other person whatsoever, having under him a foreman in the manufacturing department, who received orders from him and from no one else. It also appears by the same affidavit that the appel-

lant did not in any way engage in the performance of manual labor or render any other service than a general supervision of the affairs of the company. As the appellant in his own affidavit makes no distinction between the character of the work which he did as manager during the first period, and the character of that which he did during the second period, it may fairly be assumed that there was no difference.

In the case of *The People* v. *Remington* (45 Hun, 329 ; affd. on opinion General Term, 109 N. Y. 631) it was squarely held that the superintendent of a corporation was not entitled to a preference under the act of 1885. Referring to this decision in *Palmer* v. *Van Santvoord* (153 N. Y. 612) ANDREWS, Ch. J., said that the superintendent was substantially an officer. It seems to me that the same view should be taken of the position of manager in the case at bar. The appellant, with reference to the conduct of the business of the corporation, stood as the representative of the company, and would not be termed in ordinary parlance an employee, operative or laborer. While the word " employees " in the statute means something more than operatives and laborers, it is settled that it does not include every person in the employment of a corporation ; for if it did the claim of the general superintendent in the *Remington* case could not have been excluded. While it is extremely difficult to lay down any exact rule stating precisely what sort of service it comprehends, it may be said generally that the term " employees " includes persons employed by a corporation in comparatively subordinate positions who cannot correctly be described either as operatives or laborers ; such for example as bookkeepers, clerks, salesmen and agents engaged at a regular compensation in soliciting orders for goods. No definition, however, can well be adopted which would be broad enough to include a person exercising such a control over the affairs of a corporation as was exercised by the appellant in this proceeding.

The order of the Special Term should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.