WINSTON HARRIS *v.* G. W. B. MARABLE *et al.*

(*Nashville.*   December   Term, · 1917.)

MECHANICS' LIENS.  Laborers.  Right to lien.

Under Thompson's Shannon's Code, section 3540, providing for
a lien in·favor of journeymen or other persons employed by
the principal or original .contractor, one who merely super·
vised the work of laborers for the contractor is not entitled
to a lien on the premises.

Case cited and approved: McDonald v. Railroad, 93 Tenn., 281.

Code cited and construed:  Sec. 3540 (T.-S.).

Case cited and distinguished: Thompson v. Baxter, 92 Tenn., 305.

FROM HOUSTON.

Appeal from the Circuit Court of Houston County
to the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.
—W. L. COOK, Judge.

W: H. ARNOLD, for appellant.

W. W. PATTERSON and J. M. SPENCER, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

Harris seeks to enforce a lien against the property
of Marable, claiming to have been employed by one

Hartman to superintend to laying of a concrete floor in a garage of Marable; the latter having let a contract to Hartman for the construction of the building.

The lien is sought to be asserted under Thompson's Shannon's Code, section 3540, which, in substance, provides for a lien in favor of "journeymen or other person employed" by the principal or original contractor "to work on the building."

It appears that the claimant merely supervised the work of the laborers for Hartman. Is his a lien claim within the purview of the statute?

In *Thompson* v. *Baxter*, 92 Tenn., 305, 21 S. W., 668, 36 Am. St. Rep., 85, it was held that an architect engaged by the owner for the supervision of the construction of a building was not entitled to enforce the lien created by another section, 3531. This, notwithstanding Chief Justice LURTON, in his dissent, in reasoning by analogy, made the following reference to the statute before us:

"The 'boss' or 'foreman,' under a contractor, or subcontractor, whose business it was to oversee and direct the labor of others, would be secured as a person 'employed by such contractor,' etc., and entitled to the benefit of the lien just as much as a carpenter, bricklayer, or hod-carrier, though he did not personally do any of these things."

The decided weight of authority is to the effect that such a superintendent is not "employed to work on the building" so as to come within the protection of

such a statute. 18 R. L., p. 912, and notes Ann. Cas., 1913A, 272; Ann Cas., 1913B, 137.

It has been held by this court that a superintendent of a railroad while construction work was going forward was not entitled to a lien for his services, under another act relating to liens of laborers who do work on a railroad. *McDonald* v. *Railroad,* 93 Tenn., 281, 290, 24 S. W., 252.

We therefore hold that Harris has not the *status* of a lienor.

It is not meant to be indicated that one who engages in the work of a laborer on a building is to be denied a lien merely because he may incidentally have supervision over other laborers in his crew; only that one who is employed primarily and customarily in work of superintendence for a principal contractor has not a lienable claim.

Deeming that the circuit judge and the court of civil appeals correctly denied the claim to a lien, we decline to grant the writ of *certiorari* under the petition of Harris.