State ex rel. McConnell, Receiver, v. Peoples Bank
& Trust Co. et al.*

(*Nashville*. December Term, 1926.)

Opinion filed July 15, 1927.

CORPORATION. Lien of employees upon its insolvency. Manag-
ing officials. Shannon's Code, sec. 3564. Acts 1883, ch. 18. Acts
1897, ch. 78. Acts 1905, ch. 414.

It may be said generally that the term "employee" pursuant to the
provision in Shannon's Code, sec. 3564, for a preferential lien in
favor of "all employees and laborers of any corporation," etc.,
includes persons employed in comparatively subordinate posi-
tions, and does not provide for a preference in favor of managing
officials, in case of insolvency, e. g. cashier and assistant cashier
of a bank, in the hands of a receiver. (Post, p. 521.)

Citing: Willis v. Mann. Cons. Co., 145 Tenn., 318; Chair Co. v. Kerr,
130 Tenn., 159; Hand v. Cole, 88 Tenn., 400; 20 C. J. 1242-1244;
Hopkins v. Cromwell, 89 App. Div., 481, 85 N. Y. S., 839, 840;
Boston, etc., R. R. Co. v. Mercantile Trust, etc., Co., 82 Md., 535;
34 A. 778, 38 L. R. A., 97; Matter of American Lace Co. v. Paper
Works, 30 App. Div., 321; 51 N. Y. S., 818, 820; Harris v. Marable,
138 Tenn., 676; Southern Const. Co. v. Halliburton, 149 Tenn., 332.

*Headnotes 1. Banks and Banking, 7 C. J., section 541; 2. Banks
and Banking, 7 C. J., section 541.

FROM BEDFORD.

Appeal from the Chancery Court of Bedford County.
—Hon. Thos. B. Lytle, Chancellor.

W. P. Cooper and Roy H. Beeler, Assistant Attorney-
General, for receiver.

J. D. MURPHREE, for Peoples Bank & Trust Co.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a decree granting the cashier and assistant cashier of an insolvent bank a preferential lien on the assets in the hands of the receiver for salaries earned within ninety days of the appointment of the receiver, pursuant to the provision in Shannon's Code, sec. 3564, for such a preferential lien in favor of "all employees and laborers of any corporation," etc. This Code Section is a compilation of Acts of 1883, Chap. 18; 1897, chap. 78, and 1905, chap. 414, the last act purporting to amend the preceding act so as to include individuals with corporations and partnerships.

It is insisted by counsel for appellants, first, that the Acts of 1883 and 1897 were unconstitutional because the lien was therein limited to employees and laborers of corporations and partnerships; and, second, that the Act of 1905, which undertook to cure this alleged illegality by bringing individuals within the scope of the law was unconstitutional because it failed to recite in the caption, or otherwise, the title or substance of the law amended. Counsel for defendant evidently have overlooked the opinion of this court in *Willis* v. *Mann Cons. Co.,* 145 Tenn., 318, which disposes definitely of both of these propositions, holding the amendatory Act of 1905 unconstitutional because of insufficient reference to the Act which it sought to amend, but holding, also, that the Act of 1883 as amended by the Act of 1897 was not subject to the constitutional objection now insisted upon, and urged in that case, of an unreasonable discrimination against corporations and partnerships. Mr. Jus-

tice GREEN deals fully and clearly with these questions in his opinion in that case and a discussion thereof is here unnecessary.

However, it is further insisted that a cashier and assistant cashier of a bank do not properly come within the term ''employees,'' as used in this legislation; that it was not the intention of the Legislature to provide for a preference in favor of these bank officers in case of insolvency. We have no reported case deciding this precise question. The Act was before this court in *Chair Co. v. Kerr,* 130 Tenn., 159, in which case the court held the claimants to be contractors, and therefore not within the terms employees and laborers. The court did not undertake, however, to define the scope of the term employees in any manner helpful here. In several cases somewhat similar terms appearing in various corporate character provisions have been construed. In *Hand v. Cole,* 88 Tenn., 400, a drummer, or traveling salesman, was held to come within the term ''clerk,'' but the word ''employee'' did not appear in that particular charter provision, although it is used in certain other charter forms.

In Baldwin's Century Edition of Bouvier's Law Dictionary, under ''Employee,'' while it is said that the term is one of rather broad significance, the learned author adds, ''it is not usually applied to higher officers of corporations, or to domestic servants, but to clerks, workmen and laborers collectively.''

In 20 C. J., pages 1242-1244, it is said, that the context and the connection in which the term employee is used must largely determine whether in a particular case the term includes a certain person, and that ''it rarely refers to the higher officers of a corporation or government, or to domestic servants, and is usually distinguished from

an official or officer, or one employed in a position of some authority.'' This text is supported by a number of citations and the note quotes from one of the cases cited the following: ''The officers of the company are its representatives, and, it may be said, are the official masters who direct and control the servants and employees. The former are appointed and elected, and are trustees . . . the latter are hired and are the subordinates of the former.'' And in the same note we find the following:

''While the word 'employee' is not to be read with full generic force, it has been adjudicated to embrace more than the words 'operative' and 'laborer.' It may be said generally that the term 'employee' includes persons employed by the corporation in comparatively subordinate positions, which cannot correctly be described as either 'operatives' or 'laborers.' *Hopkins* v. *Cromwell,* 89 App. Div., 481, 85 N. Y. S., 839, 840. And again, 'While any one employed by a corporation in any capacity may perhaps be considered an employee of the corporation (and if from the context such appeared to be the meaning, the officers of the corporation might be intended by the term under some circumstances), such is not the meaning of the word as ordinarily employed,' citing Webster's Dictionary (quoting *Abbott* v. *Lewis,* 77 N. H., 94, 98, 99, 88 A., 98) ; *Boston, etc., R. Co.* v. *Mercantile Trust, etc., Co.,* 82 Md., 535, 34 A., 778, 38 L. R. A., 97 ; *Matter of American Lace, etc., Paper Works,* 30 App. Div., 321, 51 N. Y. S., 818, 820.''

In *Boston, etc., R. Co.* v. *Mercantile Trust, etc., Co.,* supra, the court considered whether or not the term ''employees,'' in a somewhat similar statute providing for a preference, included an insurance adjuster, and in the course of the opinion uses language which we think has particular application in the instant case, saying: ''Now,

it is clear, we think, that the word 'employee,' as used in the statute, was intended to have a limited meaning, and that it cannot be applied in its broadest sense, or as including everyone in the service or employment of a corporation or individual. The object of the statute was to provide for the payment of the wages and salaries due a certain class of persons to whom such wages or salaries were deemed always necessary for their support and maintenance.''

And further on in this opinion the court emphasizes quite properly, that the statute was designed to create a preference in behalf of certain creditors in the distribution of the assets of an insolvent, and that to that extent it disturbed and destroyed that equality among all creditors in which equity delights, and which it is the general policy of the system of insolvency laws to promote and preserve.

Both for the reason thus suggested, and because of the apparent unwisdom of rewarding the higher officers in control of a business, which has been so conducted as to reduce it to insolvency, by the granting of a preference in favor of such claims as they may assert, we are constrained to the conclusion that it was not the intention of the Legislature to include the managing officers of a bank within the provisions of the statute under consideration. This conclusion is supported by the construction given Shannon's Code, Section 3540, providing for a lien in favor of journeymen or ''other persons employed'' by a contractor, denying the lien to one employed to superintend the work; and by a like construction given a similar provision in chapter 74 of the Acts of 1917. *Harris* v. *Marable,* 138 Tenn., 676; *Southern Const. Co.* v. *Halliburton,* 149 Tenn., 332.

The decree of the Chancellor is reversed.