IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 12, 2013


# PAUL J. FRANKENBERG, III v. RIVER CITY RESORT, INC. ET AL.


**Appeal from the Chancery Court for Hamilton County**
**No. 05-1271      W. Frank Brown, III, Chancellor**

---

**No. E2012-01106-COA-R3-CV-FILED-APRIL 11, 2013**

---

The former president and chief operating officer of a corporation brought this action against the corporation and its CEO, alleging that Tennessee Code Annotated § 66-13-101, which grants "employees and laborers of any corporation . . . a lien upon the corporate and firm property . . . for any sums due them for labor and service performed for the corporation," provided him a lien in the amount of his alleged unpaid bonus and severance payments. The trial court dismissed the statutory lien claim, holding that the claimant was not included in the statutory definition of "employee." The claimant has appealed. We hold that the Supreme Court's ruling in *State ex rel. McConnell v. People's Bank & Trust Co.*, 296 S.W. 12 (Tenn. 1927) that a corporation's "managing officers" are not "employees" as defined by Tennessee Code Annotated § 66-13-101 controls. We therefore affirm the trial court's judgment.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

Harry F. Burnette, Steven F. Dobson, and William H. Payne, IV, Chattanooga, Tennessee, for the appellant, Paul J. Frankenberg, III.

David L. Moss, Chattanooga, Tennessee, for the appellees, River City Resort, Inc. and B. Allen Casey.

**OPINION**

## I. Factual and Procedural Background

Beginning in early 2004, the Plaintiff, Paul J. Frankenberg, III, was employed by River City Resort, Inc. ("River City") as its president and chief operating officer. Among his duties, Mr. Frankenberg was tasked with planning, developing, starting and operating a resort hotel and restaurant in Chattanooga for River City. On December 29, 2005, Mr. Frankenberg filed this action against River City and B. Allen Casey, the chairman and chief executive officer of River City, alleging that River City owed him $268,181.81 in bonus and severance payments. In Count I of his complaint, Mr. Frankenberg alleged that he was entitled to a statutory lien on all of River City's property pursuant to Tennessee Code Annotated § 66-13-101. Mr. Frankenberg attached a copy of a "Notice of Lien" that he filed and recorded with the Hamilton County Register of Deeds on December 29, 2005, asserting a statutory lien against all of River City's property. In Count II, Mr. Frankenberg alleged breach of a settlement agreement executed by the parties to settle his unpaid wage claims in the amount of $437,988.92.

River City and Mr. Casey moved for partial judgment on the pleadings, arguing that Tennessee Code Annotated § 66-13-101 does not provide officers of a corporation a lien for labor or services performed for the corporation. The trial court agreed and granted the motion, relying on the Tennessee Supreme Court's decision in *State ex rel. McConnell v. People's Bank & Trust Co.*, 296 S.W. 12 (Tenn. 1927), in support of its holding that Mr. Frankenberg "is not in the class of employees protected by" the statute. The trial court dismissed Count I of Mr. Frankenberg's complaint and ordered him to record a written release of his previously recorded Notice of Lien. The court also entered an order directing that its order dismissing Mr. Frankenberg's statutory lien claim be entered as a final judgment pursuant to Tennessee Rule of Civil Procedure 54.02.[1]

## II. Issue Presented

By this appeal, Mr. Frankenberg presents the issue of whether the trial court erred in granting partial judgment on the pleadings and dismissing his statutory lien claim on the

---

[1]Rule 54.02 provides in pertinent part:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

grounds that he is not an "employee" as that term is used in Tennessee Code Annotated § 66-13-101, which grants "employees and laborers of any corporation . . . a lien upon the corporate and firm property . . . for any sums due them for labor and service performed for the corporation."

### III. Standard of Review

The trial court granted the defendants' motion for partial judgment on the pleadings pursuant to Tennessee Rule of Civil Procedure 12.03, which provides that

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In reviewing a trial court's grant of judgment on the pleadings under Rule 12.03, we are bound to regard as false all allegations of the moving party that are denied by the non-moving party, and to accept all well-pleaded facts of the non-moving party, and the reasonable inferences that may be drawn therefrom, as true. *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991). "Conclusions of law are not admitted nor should judgment on the pleadings be granted unless the moving party is clearly entitled to judgment." *Id.* In our review of this case, "all of the facts alleged by the Plaintiff in this case must be taken as true and the issue then before us is whether upon those facts the Plaintiff's complaint states a cause of action that a jury should have been entitled to decide." *Id.* An appellate court "should uphold granting the [Rule 12.03] motion only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App 2003). "A trial court's legal conclusions regarding the adequacy of a complaint are reviewed de novo without a presumption of correctness." *Stewart v. Schofield*, 368 S.W.3d 457, 462-63 (Tenn. 2012).

### IV. Analysis

The controlling statute, Tennessee Code Annotated § 66-13-101 (the "employee's lien statute"), provides as follows:

All employees and laborers of any corporation, or firm, carrying on any

corporate or partnership business shall have a lien upon the corporate or firm property of every character and description, for any sums due them for labor and service performed for the corporation or firm, and such lien shall prevail over all other liens, except the vendor's lien or the lien of a mortgage, or deed of trust to secure purchase money.

Mr. Frankenberg argues that he is included within the parameters of the statute as an "employee" and thus is entitled to a lien on all of River City's corporate assets in the amount of $268,181.81. This sum represents his claim for unpaid compensation—bonus and severance payments—that he alleges River City owes him. River City asserts that the trial court correctly determined that Mr. Frankenberg is not an "employee" for purposes of the employee's lien statute because he was a managing officer of the corporation—its president and chief operating officer.

The issue presented requires the construction of a statute, and well-established rules of statutory construction apply. The primary rule governing statutory construction requires us to ascertain and give effect to the legislature's intent as expressed in the statute. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012); *In re Adoption of A.M.H.*, 215 S.W.3d 793, 808 (Tenn. 2007). To determine legislative intent, we first examine the language of the statute itself, *Curtis v. G.E. Capital Modular Space*, 155 S.W.3d 877, 881 (Tenn. 2005)*,* presuming that "every word in a statute has meaning and purpose" and should "be given effect if the obvious intention of the General Assembly is not violated by so doing." *Lanier v. Rains*, 229 S.W.3d 656, 661 (Tenn. 2007). Courts must "determine legislative intent from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000).

If the language of the statute under examination is clear and unambiguous, "we apply its plain meaning in its normal and accepted use." *Lanier*, 229 S.W.3d at 661; *see also In re Adoption of A.M.H.*, 215 S.W.3d at 808 ("Where the statutory language is not ambiguous . . . the plain and ordinary meaning of the statute must be given effect."). If the statute is ambiguous, meaning that "the natural and ordinary meaning of the language used may be interpreted to reach contrary results," *In re Adoption of A.M.H.*, 215 S.W.3d at 808, or that "the statute is capable of conveying more than one meaning," *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 309 (Tenn. 2008), then the court may "look beyond the statutory language to determine the legislature's intent." *Walker*, 249 S.W.3d at 309.

The employee's lien statute was enacted in 1883[2] and amended in 1897,[3] and has remained substantively unchanged since that date. The statute does not define the term "employee." In 1927, the Tennessee Supreme Court decided *State ex rel. McConnell v. People's Bank & Trust Co.*, 296 S.W. 12 (Tenn. 1927), the opinion relied upon by River City and the trial court in support of its decision that Mr. Frankenberg is not an "employee" under the statute. The *McConnell* Court addressed the question of whether the managing officers of a bank[4] were included as "employees" within the meaning of the employee's lien statute so as to give the bank officers a preferential lien in the amount of their unpaid salaries after the bank became insolvent. *Id.* at 13. The Supreme Court held that it was "constrained to the conclusion that it was not the intention of the Legislature to include the managing officers of a bank within the provisions of the [employee's lien] statute." *Id.* at 14. The Court examined the scope of term "employees" at length in *McConnell*, observing that

> the context and the connection in which the term "employee" is used must largely determine whether in a particular case the term includes a certain person, and that "*it rarely refers to the higher officers of a corporation* or government, or to domestic servants, and is usually distinguished from an official or officer, or one employed in a position of some authority."

*Id.* at 13 (quoting 20 C.J. *Employee* pp. 1242-44) (emphasis added). The Court further stated that, generally speaking, "the term 'employee' includes persons employed by the corporation in comparatively subordinate positions," and that while any person employed by a corporation "may perhaps be considered an employee of the corporation (and if from the context such appeared to be the meaning, the officers of the corporation might be intended by the term under some circumstances), such is not the meaning of the word as ordinarily employed." *Id.*

Since *McConnell* was decided in 1927, the Tennessee appellate courts have not had many occasions to further construe the employee's lien statute; it appears there is only a single other reported Tennessee decision referencing and construing it. *See Pennington v.*

---

[2]*See* Act of Feb. 28, 1883, ch. 18, sec. 1, 1883 Tenn. Pub. Acts 23.

[3]*See* Act of Feb. 9, 1897, ch. 78, sec. 1, 1897 Tenn. Pub. Acts 222.

[4]In *McConnell*, the lien claimants were described as "the cashier and assistant cashier," 296 S.W. at 13, as well as "the higher officers in control of [the] business" and "the managing officers of a bank." *Id.* at 14. A reading of the entire opinion suggests that the title "cashier" had a somewhat different meaning or connotation in 1927 than it does today.

*Webb-Hammock Coal Co.*, 184 S.W.2d 47, 49-50 (Tenn. 1944).[5] As noted, *McConnell* held that the "managing officers" of a corporation are excluded from the scope of the term "employees" for purposes of Tennessee Code Annotated § 66-13-101. 296 S.W. at 14. Mr. Frankenberg argues that *McConnell*'s different facts—specifically, the fact that *McConnell* involved a bank that was insolvent, and in the present case, River City is not insolvent—and an inapplicable rationale[6] applied by the *McConnell* Court to support its conclusion, render it distinguishable and inapposite. Although these arguments are not without some merit, we agree with the trial court that the above-cited language employed by the Supreme Court in *McConnell* in its analysis and stated propositions of law controls.

River City alleged in its answer and counterclaim the following significant and, in our view, dispositive facts: (1) that "[b]eginning in early 2004, and at all times material thereafter, Frankenberg occupied the offices of President and Chief Operating Officer" of River City, and (2) that "[a]mong his duties, Frankenberg was to plan, develop, start-up and operate a resort hotel and restaurant development" for River City. Mr. Frankenberg admitted these allegations in his answer to River City's counter-complaint. "When the allegations of the complaint are admitted in the answer the subject matter thereof is removed as an issue, no proof is necessary and it becomes conclusive on the parties." *Rast v. Terry*, 532 S.W.2d 552, 554 (Tenn. 1976). Mr. Frankenberg was therefore a "managing officer" of the corporation, and, under the Supreme Court's *McConnell* ruling, he is excluded from the definition of "employee" for purposes of Tennessee Code Annotated § 66-13-101.

Mr. Frankenberg argues that the trial court erred by not granting him expanded time and opportunity to present additional evidence on the question of whether he was a managing officer of the corporation, under Tennessee Rule of Civil Procedure 12.03's requirement that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion [converted from a Rule 12 motion to dismiss or for judgment on the pleadings to a summary judgment motion] by Rule 56." In our view, however, Mr. Frankenberg's binding and conclusive admissions in his answer that he (1) was the president and COO of River City, and (2) was responsible for operating a resort hotel and restaurant development for River City, suffice to bring him within the ambit of "managing officer" of the corporation for purposes of the employee's lien statute as a matter of law, pursuant to *McConnell*. The trial court's conclusion of law in this regard, based on the undisputed facts, was not in error.

---

[5]The *Pennington* decision generally involved the question of "whether workmen's compensation claims are entitled to priority of payment over claims of general creditors" against the assets of an insolvent employer, 184 S.W. 2d at 49, and its analysis and holding are inapposite to the issue decided in this case.

[6]Among other rationales, the *McConnell* Court observed "the apparent unwisdom of rewarding the higher officers in control of a business, which has been so conducted as to reduce it to insolvency, by the granting of a preference in favor of such claims as they may assert." 296 S.W. at 14.

Further, there is no indication in the record that the trial court considered matters outside the pleadings in deciding the Rule 12.03 motion for partial judgment on the pleadings.[7]

We emphasize that the issue presented here is a narrow one, as is our holding. We construe the term "employee" only for the purposes of the employee's lien statute. The *McConnell* Court observed that "the context and the connection in which the term 'employee' is used must largely determine whether in a particular case the term includes a certain person," 296 S.W. at 13, confirming that "employee" can mean different things in different statutory contexts. It is, of course, the prerogative of the Tennessee General Assembly to define "employee" as it deems appropriate in other contexts, which it has accomplished by various other statutes. *See generally* Tenn. Code Ann. § 50-3-103(7) (defining "employee" for purposes of Occupational Safety and Health Act of 1972); Tenn. Code Ann. § 50-1-304(a)(1) (defining "employee" for retaliatory discharge actions); Tenn. Code Ann. § 50-6-102(10) (defining "employee" under the Workers' Compensation Act).

## V. Conclusion

The judgment of the trial court that Mr. Frankenberg is not an "employee" for purposes of the employee's lien statute, Tennessee Code Annotated § 66-13-101, because he was a managing officer of a corporation, is affirmed. Costs on appeal are assessed to the Appellant, Paul J. Frankenberg, III, and his surety, for which execution may issue if necessary. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE

---

[7]The parties have referred to the affidavit of Mr. Frankenberg's counsel, Steven F. Dobson, which was filed with the court. Mr. Dobson filed his affidavit in support of his motion for a continuance and response in opposition to the motion for partial judgment on the pleadings, and asserts only as a factual matter that "[d]ue to delays in discovery in this matter, I have been unable to review Defendants' respective documents, and – accordingly – have not been able to take the deposition of Defendant Casey." The affidavit is entirely irrelevant to the dispositive issue in the case, and, therefore, its inclusion in the record does not operate to convert the Rule 12.03 motion to a Rule 56 summary judgment motion. *See Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 478 (Tenn. 2004); *Parker v. Fort Sanders Regional Med. Ctr.*, 677 S.W.2d 455, 456 n.1 (Tenn. Ct. App. 1983).