Delivered December 16, 1890.

---

### CARTER BROS. & CO. v. W. A. HIGHTOWER.
#### No. 3170.

1. **Receivership—Choses in Action.**—A creditor having no lien upon the credits sought to be reached can not through the equitable proceedings of an injunction and a receivership subject choses in action to the payment of his debt.

2. **Same — Statute Construed.**—The Act of April 2, 1887 (1 Sayles' Statutes, art. 1461), providing generally for the appointment of receivers, can not be construed as applying to every case in which a creditor seeks to secure the satisfaction of a debt, and in which there is danger that the funds or property belonging to the debtor will be lost or destroyed.

3. **Case in Judgment.**— Carter Bros. & Co. sued Hightower on an authenticated account, alleging further the insolvency of defendant, that he had disposed of all tangible property but a term of lease for the house which had been occupied by him, but which was not sufficient in value to meet plaintiffs' debt; that the defendant had many notes and book accounts, the amounts unknown to plaintiffs; and that if they were left with defendant they would be wasted and plaintiffs not get their debt; asking an injunction and a receiver. Temporary injunction was issued and receiver appointed. On hearing plaintiffs recovered judgment upon their account, the injunction was dissolved, and receiver discharged. The plaintiffs appealed. Held there was no error in the judgment below.

APPEAL from Camp. Tried below before Hon. John L. Sheppard.

The opinion gives a statement.

*W. J. Singletary,* for appellants.— 1. A party seeking to subject the property of his debtor to his claim is entitled to the appointment of a receiver. Sayles' Civ. Stats., art. 1461.

2. `Appellants being without a legal remedy were entitled to relief by injunction.

No brief for appellee came to hands of the Reporter.

GAINES, ASSOCIATE JUSTICE.—This case is stated in the brief for appellants as follows:

"Appellants sued appellee on a verified account for $833.47. They allege that appellee transferred his entire stock of merchandise to certain of his creditors, after which transfer there remained no property subject to execution except a lease for twelve months of a brick store house in Pittsburg, Texas, owned by W. K. Heath and occupied by appellee at the time of said transfer; that the value of said lease was inadequate to pay off appellants' debt, and that he had no other property except book accounts, notes, choses in action, and debts due him by many persons unknown to appellants, and that he had secreted and refused to exhibit his books, notes, and other evidences of debt due him. That if appellee were permitted to retain his books, notes, accounts, etc., the same would be wasted and appellants defeated in the collection of their debt. They prayed for a writ of injunction restraining appellee from receiving, and enjoining all persons indebted to him on account, by note, or otherwise from paying to him any portion of what they owed him, and for the appointment of a receiver to immediately take possession of appellee's books of account, notes, etc., including said lease and rents, if any."

The injunction was granted and a receiver appointed; but upon the hearing an exception to so much of the petition as prayed for an injunction was sustained, the injunction was dissolved, and the receiver discharged. Appellants recovered a judgment for their debt.

The court did not err in its ruling. The attempt of the petition was through the equitable proceedings of an injunction and a receivership to subject choses in action to the payment of a debt. The plaintiffs claimed no lien upon the notes and accounts.

In Noyes v. Brown, 75 Texas, 458, it was held that even where a creditor has garnisheed a chose in action belonging to a debtor, equity will not aid him to enforce it. For a stronger reason the extraordinary powers of a court of equity will not be exercised to enable him directly to subject his debtor's choses in action to the payment of his demand merely because he had no property subject to execution. If a court of equity would assume jurisdiction in such a case, we do not see why the appellants were denied relief in the case last cited. If their garnishment did not aid them in their action, it placed them in no worse position than

they were before the writ was served.   See also Sewing Machine Co. v. Atkeson, 75 Texas, 330.

It is claimed, however, that the power to appoint the receiver was conferred upon the court by the Act of April 2, 1887, which contains the provision that a receiver may be appointed by any judge of a court of competent jurisdiction in this State "in an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to an interest in the property or fund or proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured." 1 Sayles' Ann. Stats., art. 1461.

But we think this statute, notwithstanding the broad terms in which it is couched, is not to be construed as applying to every case in which a creditor seeks to secure the satisfaction of a debt and in which there is danger that the funds or property belonging to the debtor will be lost or destroyed.   Such a construction would allow the appointment of a receiver in an ordinary action at law for the recovery of a debt.   We can not think that the Legislature intended such a radical departure from the old established principles of the common law and from the long settled practice of the courts in our State.   Was it intended that whenever a debtor failed to meet his obligation he should be liable to have his property and credits put into the hands of a receiver merely because there might exist danger of its being lost, removed, or physically impaired? We think not.   The act must be construed as applying only to the funds and property upon which the creditor has a lien for the satisfaction of his debt.   The words "by a creditor to subject any property or fund to his claim" are to be limited to some particular fund or property belonging to a debtor upon which the creditor has a specific lien.   It is true that in a general sense a creditor who brings an action at law to recover a debt seeks to subject all the defendant's property to the payment of his claim.   But he can not obtain relief as against any particular article or class of property, unless a lien be acquired upon it by the levy of an attachment or the service of a writ of garnishment.   Should the Legislature see proper to pass an insolvent law the act will doubtless provide for an equitable distribution of the debtor's effects among all his creditors.   We are of opinion it was not the intention by the act under consideration to enable a creditor through the appointment of receiver to place the effects of his debtor, because insolvent, in the hands of the court for the satisfaction of his debt unless he have a lien upon it.

The judgment is affirmed.

*Affirmed.*

Delivered December 16, 1890.