### WAPLES-PLATTER COMPANY v. E. W. MITCHELL ET AL.

#### No. 1003.

**1.  Partnership Creditor's Lien and Right to Receivership.**

A simple partnership creditor has no specific lien, either legal or equitable, on the partnership property, entitling him to have the firm estate administered through a receiver.

**2.  Same—Fraudulent Sale by One Partner.**

Nor will the fact that one member of an insolvent firm has sold his interest to a third person, with intent to defraud the firm creditors, authorize the appointment of a receiver upon the petition of a creditor having no specific lien.

**3.  Same—Consent of Parties.**

Nor, in such case, can the appointment of a receiver be made on the ground that the remaining partner, having, as partner, an equitable lien on the firm assets for the payment of the firm debts, consented to the proceeding instituted by the creditor, where such remaining partner assented to such sale by his co-partner, formed a new partnership with the purchaser and took possession of the goods of the former firm.

APPEAL from Grayson.    Tried below before Hon. DON A. BLISS.

*A. G. Moseley,* for appellant.—1. The court erred in discharging the receiver heretofore appointed in this cause, and in ordering the funds and property in his hands to be returned to the defendants.    Still v. Focke, 66 Texas, 715; Menaugh v. Whitewall, 52 N. Y., .146; McCutcheon v.

Davis, 8 S. W. Rep., 123; 17 Am. & Eng. Encycl. Law, 964; Statts v. Bristow, 73 N. Y., 264.

2. The effects of a dissolved and insolvent partnership constitute a trust fund for the payment of partnership creditors, and courts of equity will see that they are so applied. Sayles Statutes, art. 1461; Watson v. McKinnon, 73 Texas, 210; 2 Pom. Eq. Jur., sec. 1046.

3. A receiver of partnership effects will be appointed on the application of partnership creditors where it appears that the firm is insolvent, and that the business is being so mismanaged as to put the partnership effects in peril. Oliver v. Victor, 74 Ga., 543; Dick v. Laird, 4 Cranch. (C. C.), 667; Jordan v. Miller, 75 Va., 442; Mott v. Dunn, 10 How. Pr., 225; Jackson v. Sheldon, 9 Abb. Pr., 127; Henry v. Henry, 10 Paige Ch., 314; Hagerty v. Pitman, 1 Paige Ch., 298; Johnston v. Straus, 26 Fed. Rep., 57; 1 Bates' Partnership, sec. 563; Beach on Receivers, sec. 577; High on Receivers, sec. 407; 2 Pom. Eq. Jur. (2 ed.), sec. 1046.

*Maughs & Peck, H. O. Head* and *F. C. Dillard,* for appellees.—1. Appellant had no specific, and, indeed, no equitable, lien upon the property over which the receivership was sought, and in the absence of the former there was no ground warranting the appointment of a receiver, and he was properly discharged.

2. Appellant being a general creditor—not having reduced his claim to judgment, nor exhausted his remedies at law—could not maintain this suit in equity for the purpose of reaching his debtor's assets. Nat'l Tube Works v. Ballou, 146 U. S., 517; Cates v. Allen, 149 U. S., 451; Bump on Fraudulent Con., 521-523; High on Receivers, secs. 402-404.

3. There being no lien on the property, the court properly ordered its proceeds paid over to the defendants. Petty v. Adams, 81 Texas, 238.

RAINEY, ASSOCIATE JUDGE.—The appellant, Waples-Platter Company, a corporation, brought suit August 25, 1891, against R. L. Anderson, E. W. Mitchell and E. G. Carpenter, appellees, alleging in substance that defendants Anderson and Mitchell, prior to August 10, 1891, were partners in a commercial business under the firm name of Anderson & Mitchell, and as such had become indebted to appellant, and many other parties; that on said August 10, Mitchell sold his interest in the partnership to appellee Carpenter in consideration of $1,000, part in cash and balance on time; that the firm of Anderson & Mitchell was insolvent, and said sale was made to hinder, delay and defraud creditors, of which Carpenter was aware. After said sale, Anderson and Carpenter formed a co-partnership for the purpose of carrying on the business, and took possession of the property of the former firm of Anderson & Mitchell, except the books and accounts, which were in the possession of Anderson; that being partnership creditors, they had an equitable lien on the partnership property. There was a prayer for a receiver to take charge of the effects of said firm of Anderson & Mitchell, sell the goods and

collect the accounts and distribute the same to the partnership creditors of the firm of Anderson & Mitchell; also, prayer for judgment for the amount due appellant. The court appointed a receiver as prayed for, with authority to sell the goods, and collect the debts due said firm, which he proceeded to do.

Appellees answered, presenting various demurrers, praying for damages, and that the receiver be discharged, etc. On December 19, 1891, appellant amended its petition, setting up substantially the facts contained in its original petition, with the additional allegation, "that defendant Anderson had, prior to the filing of plaintiff's original petition, advised with plaintiff, and consented to plaintiff's course herein." On the same day appellees filed a joint supplemental answer in which they excepted to plaintiff's first amended original petition, because the same showed the existence of no lien warranting the appointment of a receiver, etc. Upon hearing, this exception was sustained by the court below, and judgment rendered in favor of the plaintiff against the defendants Anderson & Mitchell, and each of them, for the sum of $1,320.97, with interest from that date at 6 per cent per annum, and all costs of suit, except the cost of the receivership; discharged the receiver, and ordered him to pay over all money in his hands received through the sale of the merchandise and the collection of accounts belonging to the firm of Anderson & Mitchell to the defendants Anderson & Carpenter; that plaintiff pay the cost of the receivership, and the defendant Carpenter recover his costs against the plaintiff; to which judgment plaintiff, in open court, excepted, as also did the defendants.

Several errors are assigned by appellant, but all can be embraced in one proposition, which is, that a partnership creditor has in equity a lien upon the partnership property which can be enforced, when facts exist as alleged in the petition, by a court of competent jurisdiction, and to that end the property can be administered through the appointment of a receiver; therefore, the court erred in sustaining the exception to the petition.

The rights of partnership creditors to have partnership property subjected to the payment of their debts has been productive of much litigation, and the subject of much writing by the courts and legal authors. The right of creditors to have the property subjected to the payment of their debts under certain circumstances is not doubted; but that they have a lien upon the property which gives them the same interest in the property as if a specific lien existed thereon, and the same remedies to enforce same, is not supported by any well considered case.

It is well settled by the great weight of authority that simple partnership creditors have no specific lien, either legal or equitable, upon the partnership property. Stansell v. Fleming, 81 Texas, 294; Wiggins v. Blackshear, 86 Texas, 665; Johnston v. Shoe Co., 5 Texas Civ. Apps., 398. There seems, however, to be "no doubt that creditors of the firm have an equitable preference, or right, which courts of equity enforce."

Parsons on Con. section 246.    It seems the right to enforce this prefer-
ence must arise through the partners.    Mr. Jones, in his excellent work
on Liens, page 738, thus states the rule: "A creditor of a partnership has
as a general rule, no direct lien upon the partnership property until he
acquires it by legal process—that is, by the levy of an attachment or of
an execution.    His indirect or quasi lien is derived from the lien or
equity of the individual partners.    It is practically a subrogation to the
lien of the individual partners.    If the partners are not themselves
in a condition to enforce an equitable lien upon the partnership prop-
erty, the creditors of the partnership can not enforce a lien derived from
them or from one of them.    The equity of the partnership creditor  con-
tinues so long as the equity of the individual partner continues, and no
longer."

If the partnership property passes into the custody of the court for
administration, at the instance of one of the partners, or "as in cases of
bankruptcy or assignment made by one insolvent firm, then the court
will administer it as was the right of the several partners to have it ad-
ministered while controlled by themselves.    In such cases, the court's
action is based as fully upon the rights of the partners as between them-
selves, as upon the rights of creditors."    Wiggins v. Blackshear, 86 Texas,
665.    In the case last cited, Judge Stayton used the following language:
"As every partner is liable for the debts of his firm, and owns its property
in common with the other partners, it is his right to have the common
property applied to the payment of partnership debts; and all the other
partners, without his consent, can not take this right from him.    This
right is sometimes said to give every partner an equitable lien on firm
assets, as well as to secure him against several liability for firm debts,
as to secure to him his proper share of the firm assets on dissolution; but
creditors of a partnership have no lien or other claim on partnership
assets which can prevent the members of the firm from disposing of
them in any manner or to whomsoever they may deem proper, provided
that such disposition is not fraudulent."

In the same case it is also held "that a partnership creditor has no
specific lien, either legal or equitable, upon partnership assets, any more
than any individual creditor has upon the estate of his debtor, is so
firmly established that citation of authority in support of the proposition
is useless; but they may acquire liens by contract, or through the process
of a court by which other creditors may acquire liens on specific prop-
erty."

As the appellant had no lien upon the property, we think it clear that
it was not entitled to have a receiver appointed to settle up the partner-
ship estate (Carter v. Hightower, 79 Texas, 135), unless the allegation
of fraud was sufficient for that purpose.    If the disposition of the prop-
erty was fraudulent, such would not authorize the appointment of a
receiver.    It would give the creditors only such remedies as exist in other
cases.    They could proceed by judgment and execution, or by attachment
or garnishment, and subject the property to the payment of the debt.

through one of those modes.   Nor does the allegation of consent by Anderson to the proceeding by appellant change the nature of the case, as appellant's right through him ceased by reason of his agreeing to the sale by Mitchell and entering into a co-partnership with Carpenter, which we think clearly appears from the petition.   Stansell v. Fleming, 81 Texas, 294.

It is a well known principle that equity will not afford relief if the legal remedy is adequate and complete, and it seems to be well settled that, as a general rule, the aid of a receiver will be denied for the protection of contract or general creditors before judgment.   High on Receivers, sections 403a, 404, 407.   And even after judgment is obtained, equity will not always interfere to afford relief.   Mr. High, section 404, supra, says: "The rule is well founded upon the fundamental principle, that equity never lends its aid for the enforcement of rights which may be remedied in the usual course of proceeding at law, and the courts will not permit a judgment debtor to be harassed with a chancery suit until the creditor has availed himself of all his rights at law for the collection of his judgment."

There is nothing in appellant's petition to show that there was any obstacle in the way of the collection of its debt by the ordinary process of law; therefore, the action of the court in sustaining the demurrer and rendering judgment as stated was proper.   Petty v. Adams, 81 Texas, 238.

The judgment is affirmed.                                    *Affirmed.*

Delivered December 21, 1895.

### ON MOTION FOR REHEARING.

RAINEY, Associate Justice.—The appellant has filed a motion asking this court to file "specific findings of fact and law" in this cause. Our opinion heretofore filed embraces our conclusions of the law of the case, and we deem further expressions as to the law unnecessary.

There is nothing in the record upon which we can base conclusions of fact.   There is no statement of facts nor findings by the court, further than the finding "that the defendants E. W. Mitchell and R. L. Anderson were indebted to plaintiff in the amount claimed by it at the time the suit was filed."   This much is recited in the judgment.

The motion is overruled.                                    *Overruled.*

Delivered February 1, 1896.

Writ of error refused.