## GRAY v. MAGDALENA OIL CO.    (No. 1305.)

(Court of Civil Appeals of Texas. El Paso. March 9, 1922. Rehearing Denied April 6, 1922.)

**1 Mechanics' liens ⚖️132(3)—Filing of statement held compliance with lien statute.**

Where a statement of facts by lien claimant containing no evidence of a contract except the itemized statement filed with the county clerk in lieu of a written contract as provided by Rev. St. art. 5622, was filed September 13, and the indebtedness accrued May 15, *held*, that claimant had complied with the statute requiring the statement to be filed within four months.

**2. Appeal and error ⚖️766—Case need not be considered where appellant's brief does not comply with rules.**

Where appellant's brief does not comply with court rules in many ways, the case need not be considered.

### On Motion for Rehearing.

**3. Mines and minerals ⚖️112(2)—Statutes held not to give lien for hauling outfit for drilling oil well.**

Neither Vernon's Ann. Civ. St. Supp. 1918, art. 5639a, giving liens for furnishing labor or material, machinery or supplies used in drilling an oil or gas well, nor article 5621, giving liens for furnishing labor and machinery, fixtures or tools for erecting any building or improvement, give a lien either against the owner of machinery or the owner of an oil well for hauling tools, machinery, and casing for drilling the same.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by E. W. Riggle against the Magdalena Oil Company, in which T. G. Gray and others intervened. Judgment for the intervener Gray for the sum sued for, but decreeing that he had no lien, and denying foreclosure, and from this Gray alone appeals. Affirmed.

J. M. Parker, of Gorman, for appellant.
Thos. J. Pitts, of Gorman, Grisham Bros., of Eastland, Scott, Brelsford, Funderburk & Terrell, of Eastland, and D. K. Scott, of Cisco, for appellee.

HARPER, C. J. E. W. Riggle brought this suit against the Magdalena Oil Company to recover the principal sum of $10,500 on promissory note, interest, and attorney's fees, and foreclose a chattel mortgage on a well-drilling outfit.

Appellant and several others intervened in the suit. Riggle and the interveners, other than Gray, recovered judgment with foreclosure of their liens upon the property described in plaintiff's petition. Gray recovered judgment for the amount of money sued for, but the court found as a fact, stated in the decree, that he has no lien, and denied a foreclosure. From this judgment Gray alone appeals.

[1] The first assignment is that the court erred in concluding as a matter of law that the appellant had no lien on the machinery, tools, and supplies of the said company. As applicable to this question plaintiff's (appellant's) petition alleges:

"That on or about February 25, 1920, this intervenor was employed to haul a certain string of oil well tools, machinery and casing for the drilling of an oil well on what is commonly known as the Moore lease. * * * That he * * * did haul said machinery, tools and casing until the 15th day of May, 1920, when at which time, he completed his contract."

The statement of facts contains no evidence of a contract, unless it be that the itemized statement filed with the county clerk in lieu of a written contract as provided for by article 5622, R. C. Stat. 1920, can be considered as evidence.

This statement was filed September 13, 1920, and his indebtedness accrued, according to his pleadings, May 15, 1920, so he has complied with the statute, which requires his statement to be filed within four months, and with proof of a contract would be sufficient if the statute can be construed to give a lien under the facts, but was not filed within the time required for laborers' liens, which is 30 days.

The statute does not appear to provide a lien upon anything hauled, but the person who labors or furnishes material, etc., to erect any house or improvements, etc., shall have a lien on such house, lot, or lots connected therewith, etc., to secure the payment for the labor done, etc.; so for this reason he has no lien.

The other assignments assert that the other interveners had no liens, and that the court erred in so holding, but, of course, it is immaterial to appellant whether their liens were recognized and foreclosed if he had none himself.

[2] Appellant's brief does not comply with the rules in many ways, and should not have been considered, but it is easier to show why there is no merit in his appeal than it would be to describe the many defects in his brief. For this reason we have passed upon the merits.

Finding no reversible error, the cause is affirmed.

On Motion for Rehearing.

[3] Appellant in motion for rehearing suggests that the opinion is based upon article 5621, Revised Civil Statutes, when it should be based upon article 5639a. We are of the opinion that no lien exists under either article, under the facts of this case.

This action is against the owner of the well machinery, as shown by the original opinion. The owner of the oil, gas, etc., wells is not a party, but, if it had been, the same construction of article 5639a applies. See McClellan v. Haley et al., 237 S. W. 627, and authorities there cited.

The motion is overruled.