## CLUTTER v. ROSE.     (No. 2880.)*

(Court of Civil Appeals of Texas. Texarkana. Feb. 18, 1924. Rehearing Denied March 6, 1924.)

1. **Limitation of actions** ⬥127(13)—**Amended petition held to set up new cause of action affecting running of statute.**

In an action by a broker to recover commissions on the sale of property, amended original petition *held* to seek recovery for compensation upon an implied contract, so that, where the original petition declared upon an express contract, the action for the purpose of computing the running of the statute of limitation dated from the time of filing the amended petition, and was barred where the two-year statute had run at time of such filing; the effect of the amended petition in such case being to dismiss the original petition.

2. **Pleading** ⬥252(2)—**Effect of amended petition as dismissal of original stated.**

The filing of an amended petition which sets up a new cause of action legally operates as a dismissal of the original petition.

Appeal from District Court, Fannin County; C. E. Wheeler, Special Judge.

Action by A. T. Rose against W. W. Clutter. Judgment for plaintiff, and defendant

appeals. Reversed and rendered in favor of defendant.

Cunningham, McMahon & Lipscomb, of Bonham, for appellant.

Thos. P. Steger, of Bonham, and Harrell & Starnes, of Greensville, for appellee.

LEVY, J. The suit is by appellee, a real estate agent, to recover commissions on the sale by him of 60 acres of land, owned by appellant, to J. W. Sinclair. The sale was effected April 10, 1921. The suit was instituted on June 13, 1922. The plaintiff filed his first amended original petition on September 5, 1923. The defendant excepted to the amended petition as showing that the cause of action was barred by the statute of limitations of two years. The trial court held that the plea of limitation was not applicable.

[1, 2] The proposition stated in the appellant's brief is in effect that the original petition declared upon an express contract for compensation, and the amended petition sought recovery for commissions upon allegations that the contract for compensation was an implied one, and therefore the plaintiff's cause of action was barred by limitation, since more than two years had elapsed from the accrual of the cause of action to the filing of the amended petition. It has been directly held that, where the petition in an action on express contract for compensation was amended more than two years after the cause of action had accrued, and the amendment set up an implied contract to pay the compensation, the cause of action on the implied contract was barred by limitation. Scott, Boone & Pope v. Willis (Tex. Civ. App.) 194 S. W. 221; Thames v. Clesi (Tex. Civ. App.) 208 S. W. 195; Kuhn v. Shaw (Tex. Civ. App.) 223 S. W. 343; Booth v. Houston Packing Co. (Tex. Civ. App.) 105 S. W. 46. It is so held upon the ground that an action on an implied contract presents an essentially different cause of action from one on an express contract. Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 463, 61 S. W. 707. And because the filing of an amended petition which set up a new cause of action legally operates as a dismissal of the original petition. Boyd v. Beville, 91 Tex. 439, 44 S. W. 287. Therefore, in view of these decisions, binding on this court, the two petitions in the present case would have to be considered together. The original petition alleged:

"That in the latter part of the year 1920 the plaintiff was engaged in the real estate business, buying and selling and trading land as a broker. That the defendant was the owner of 60 acres of land in Cameron county, Tex., and being desirous of selling the same listed said land with the plaintiff for sale, and employed the plaintiff to sell the same. That the plaintiff advertised said land for sale

and showed the same to several prospective buyers from time to time, and that plaintiff finally procured a purchaser for said land for defendant upon terms satisfactory to the defendant, which purchaser was J. W. Sinclair of Hunt county, Tex. That at the time defendant listed said land with the plaintiff and employed him to find a purchaser therefor it was agreed and understood that the plaintiff should receive as compensation for his services a commission of 5 per cent. on the sale price of said 60 acres of land, and that he should receive the usual and customary commission, which was 5 per cent. of the purchase price."

The amended petition, as material to state, alleged:

"That during the month of September, 1920, and during all other times mentioned herein, the plaintiff was engaged in the business of a real estate broker, buying and selling and trading land as a broker in Cameron county, Tex. That on or about September 1, 1920, the defendant was the owner of 60 acres of land in Cameron county, and being desirous of selling the same employed the plaintiff as his agent to procure a purchaser for the defendant. That. at said time the defendant well knew that the plaintiff was engaged in and pursuing the business of a real estate broker, and accepted said services of the plaintiff hereinafter alleged to have been rendered in finding a purchaser for the defendant's said land, and thereby impliedly consented and promised to pay plaintiff for such services. * * * That at the time the defendant employed the plaintiff to find a purchaser for said land, the usual and customary commission charged by real estate brokers in Cameron county was 5 per cent. on the sale price, which commission was reasonable and known to the defendant, and the defendant impliedly agreed and promised to pay said usual and customary commission for the services of the plaintiff in finding a purchaser for defendant's land."

According to the frame of the original petition, the action sounds in terms of express contract. It was alleged:

"That the defendant "listed said land with the plaintiff for sale and employed the plaintiff to sell the same. * * * That at the time the defendant listed said land with the plaintiff and employed him to find a purchaser therefor it was agreed and understood that the plaintiff should receive as compensation for his services a commission of 5 per cent. of the sale price of said 60 acres of land, and that he should receive the usual and customary commission, which was 5 per cent. of the purchase price."

If, as alleged, the plaintiff was by the defendant "employed to find a purchaser for the land," then the services and duty that were to be performed by the plaintiff were expressly agreed upon. And if, as alleged, "it was agreed and understood at the time the defendant employed him" that the plaintiff should receive "as compensation" for his services "the usual and customary commission," than there was an actual promise to pay for the services. It is not an agreement partly expressed and partly implied. All the terms of agreement are expressed between the parties, and there are no terms to be implied. The expressed compensation was to be "the usual and customary commission." That is, an actual promise to pay some consideration capable of being fixed in amount. The amount and limit of recovery are expressed in such terms of contract. It is the rule that where there is an actual promise to pay for services the contract. is an express contract. It is where there is no actual promise to pay for services rendered under employment that the contract is an implied contract. The amended petition clearly declares upon an implied contract to pay for the services rendered. While the amendment may have been intended by the pleader to be only an enlargement of the original petition, the effect of the allegations make it a different cause of action. While the "employment" of the plaintiff was expressly agreed upon, as there alleged, the promise to pay for his services was, as there alleged, implied from conduct and acts, and not expressly agreed upon. This legally classifies such alleged contract as an implied one to pay for the services rendered and accepted.

The judgment is reversed, and judgment is here rendered in favor of the appellant; the appellee to pay all costs.