## SHANNON et al. v. HARPER. (No. 3762.)

Court of Civil Appeals of Texas. Texarkana.
.Nov. 7, 1929.

Olin E. Nesmith, of Dallas, for appellants.
Matthaei, Cameron & Straus, of Dallas, for appellee.

WILLSON, C. J. The appeal is from an order overruling appellants' motion to vacate an order appointing one Thompson temporary receiver and directing him as such to take charge of and operate (under the supervision of the court) the "School of Experience for Stenographers" in Dallas, alleged to belong to appellant Mrs. Rose W. Shannon, wife of the appellant W. E. Shannon. In her petition, appellee Miss Lois Harper (plaintiff below) alleged that she and Mrs. Shannon entered into a contract in writing (attached to her petition as an exhibit) whereby she (appellee) became manager of said school on terms specified in the contract, and that Mrs. Shannon afterward discharged her as such manager and refused to pay her parts of salary due her under the contract a sum of money she loaned to Mrs. Shannon, and sums of money paid by her at Mrs. Shannon's request for articles purchased for use in operating the school, amounting in the aggregate, it was alleged, to $687.75.

One of the grounds urged in the motion in the court below was that it appeared (and it did, as is shown in the record sent to this court) that Miss Harper's suit was that of a creditor without a lien of any kind securing the amount, or any of it, of the indebtedness claimed. It is insisted the court was without right to appoint a receiver in the suit of such a creditor. The contention is supported by the authorities, and it is sustained. "A mere contract creditor who neither by his contract nor by a judgment (it is said in 1 Tardy's Smith on Receivers, 649) has obtained a lien upon any property of his debtor, is not in a position, unless aided by a special statute, to institute an action in equity in which he can ask for the appointment of a Receiver and thus deprive the debtor of the possession and management of his property." That the statute (article 2293, Rev. St. 1925) does not authorize the appointment of a receiver in such a case has been directly determined by the Supreme Court. Carter v. Hightower, 79 Tex. 135, 15 S. W. 223; and see Cahn v. Johnson, 12 Tex. Civ. App. 304, 33 S. W. 1000, and Tunnell v. Johnson (Tex. Civ. App.) 209 S. W. 451.

The judgment will be reversed, and the cause will be remanded to the court below with instructions to discharge the receiver and return to appellants all property held by him as such.