## DODSON v. THOMAS.

### No. 12756.

Court of Civil Appeals of Texas. Fort Worth.
March 26, 1932.

Rehearing Denied May 7, 1932.

William H. Duls and C. M. Means, both of Dallas, and Boykin & Ray, of Fort Worth, for appellant.

Arthur Lee Moore and Ernest May, both of Fort Worth, for appellee.

DUNKLIN, J.

J. M. Thomas instituted this suit in the Ninety-Sixth district court of Tarrant county against Harry W. Elliott and numerous other parties, in which plaintiff sought to recover a judgment against the defendant Elliott in the sum of $1,200 claimed by the plaintiff as past-due salaries accruing for services performed as general superintendent of Elliott's leases. Plaintiff alleged that Elliott was the owner of oil leases on some 14 separate tracts of land situated in Gregg county, and owed other defendants divers and sundry amounts who asserted liens on the leases for the payment of the respective amounts due them, and that Elliott was also indebted to divers and sundry other persons in an aggregate sum of $40,000 unsecured by any liens.

It was further alleged that the leases so held by Elliott were capable of development by drilling operations which would produce large profits, but that he was unable to make such development for lack of means.

The petition also embodied a prayer for the appointment of a receiver for the purpose of operating the leases and preserving the oil therefrom from the danger of being exhausted from offset wells drilled on land adjoining thereto.

According to other allegations in his petition, plaintiff's claim of indebtedness was not secured by any character of lien upon the leases nor did he claim any interest in the title thereto.

On December 21, 1931, plaintiff's first amended original petition was filed, setting up substantially the same cause of action as in the original petition, and also praying for the appointment of a receiver; and on the same day the court appointed A. P. Barrett and W. A. Todd receivers for all of the oil leases described in plaintiff's pleadings. The receivers so appointed duly qualified by giving the bond as required of them as such by order of the court and also by taking the statutory oath. On January 26, 1932, by leave of the court first had, William A. McAtee and Olive C. De Yapp filed a plea of intervention in the suit in which each claimed a specific interest in some of the leases owned by the defendant Elliott.

On January 14, 1932, some twelve days prior to the intervention, J. L. Dodson filed in

the Ninety-Sixth district court an application in the same case for an order vacating the receivership as to five acres of the land included in the properties that had been placed in the hands of the receivers. It was alleged in the application that Dodson was the owner and holder of a one-sixteenth overriding royalty interest in the lease on that five acres of land, on which a well had been drilled capable of producing large quantities of oil, and that the petitioner objected to the lease being impressed with the general expense of the entire receivership. There was a further allegation that the applicant had filed a suit in the Seventeenth district court for the appointment of a receiver of the five acres above mentioned, but there was no allegation that that application had been acted on by the Seventeenth district court. It was alleged that the order appointing the receivers by the Ninety-Sixth district court was void because the plaintiff in that suit, upon whose petition the order was made, was a simple contract creditor asserting no lien or any interest in any of the properties owned by the defendant Elliott, and no grounds were alleged authorizing the appointment of the receivers to operate the business of an individual.

It was further alleged that the appointment of a receiver was the result of a collusive prearrangement between the plaintiff and defendant for the purpose of preventing the collection of just debts against Elliott.

The application so presented by Dodson was overruled on February 1, 1932, five days after the plea of intervention had been filed, and from that order this appeal has been prosecuted by Dodson.

■ It is true, as contended by appellant, that as a general rule an action for a receivership will not lie at the instance of a simple unsecured creditor who claims no interest in the property sought to be impounded. Carter v. Hightower, 79 Tex. 135, 15 S. W. 223; Cahn v. Johnson, 12 Tex. Civ. App. 304, 33 S. W. 1000; Waples-Platter Co. v. Mitchell, 12 Tex. Civ. App. 90, 35 S. W. 200.

■ It is also a proper rule of practice for an owner of property which has been improperly placed in the hands of a receiver to apply to the court appointing him for a release from such receivership. Louisville Trust Co. v. Knott, 65 C. C. A. 158, 130 F. 820; Farmers' Loan & Trust Co. v. Railway, 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667; Rio Grande Ry. Co. v. Vinet, 132 U. S. 565, 10 S. Ct. 168, 33 L. Ed. 438; Wabash Ry. Co. v. Adelbert College, 208 U. S. 39, 28 S. Ct. 182, 52 L. Ed. 386.

The services for which plaintiff sought a recovery were those of a general field superintendent of Elliott's leases, and appellant cites the following authorities to support his contention that he could have no mechanic's lien therefor, even if he had made such a claim in his petition: Article 5473, Rev. Civ. Statutes; Bell Oil & Refining Co. v. Price (Tex. Civ. App.) 251 S. W. 559; Harris v. Marable, 138 Tenn. 676, 200 S. W. 824, by the Supreme Court of Tennessee; Gray v. Magdalena Oil Co. (Tex. Civ. App.) 240 S. W. 693; Ball v. Davis, 118 Tex. 534, 18 S.W.(2d) 1,063.

On February 3, 1932, two days after the court's refusal of Dodson's application for withdrawal of the five acres from the receivership, the plaintiff, Thomas, filed his second amended original petition in which it was alleged that Thomas had acquired a statutory mechanic's lien upon the leases by filing a verified account in the counties where the leases were situated, as required by the statutes. Appellant insists that that amendment set up a new cause of action and could not relate back and make valid the order appointing a receiver of date December 21, 1931, and could not deprive Dodson of his right to have the five acres withdrawn from the receiver, which was asserted in his motion filed January 14, 1932, and could not deprive Dodson of his right to a reversal of the order denying him a receivership on February 1, 1932, two days before the filing of plaintiff's second amended petition. Appellant has cited authorities in support of that contention also, such as 49 Corpus Juris, 560; Clutter v. Rose (Tex. Civ. App.) 259 S. W. 1098; Isbell v. Kenyon-Warner Dredging Co., 113 Tex. 528, 261 S. W. 762.

■ It was incumbent upon appellant to sustain by proof his allegation of ownership of a one-sixteenth royalty interest in the five acres described in his application, but there is no statement of facts in the record before us, and there is no recital in the order of court denying appellant's application, to the effect that any evidence was offered to prove his alleged royalty interest in the five acres mentioned. While it appears that a purported copy of transfer of a one-sixteenth royalty interest in the five-acre tract was attached as an exhibit to a copy of the petition filed in the seventeenth district court, and both of those copies were attached as exhibits to Dodson's application filed in the Ninety-Sixth district court for a withdrawal of the five acres from the receivership, yet the exhibits, being parts of the pleadings only, cannot be considered as evidence to sustain the application, unless introduced as such upon the hearing of the application for withdrawal. Nor was the order of court a dismissal of the application for lack of a meritorious showing for the relief sought. On the contrary, the order recites that the application was heard and duly considered, and after such consideration was overruled. Under such circumstances, no presumption can be indulged that plaintiff made out a prima facie showing for the relief sought, and therefore it is unnec-

essary to discuss the different propositions noted above, since those questions are moot and hypothetical only upon this appeal.

Accordingly, the judgment of the trial court denying appellant the relief sought is sustained.

### On Motion for Rehearing.

We adhere to the judgment heretofore rendered on original hearing and overrule appellant's motion for rehearing. However, it appearing to the court that the application made by appellant for release of the property claimed by him from the receivership was not a proceeding to try title, it is ordered that the judgment rendered by this court affirming the action of the trial court in refusing appellant's application for the release of the property from the receivership is without prejudice to the rights of appellant to recover title to the property claimed by him, if any he has, by appropriate proceedings instituted for such relief.