**REX REFINING CO., Inc., v. MORRIS.**

**No. 11772.**

Court of Civil Appeals of Texas. Dallas. May 5, 1934.

Rehearing Denied June 16, 1934.

Allen & Allen and S. Austin Wier, all of Dallas, for appellant.

Aldredge, Shults & Madden, of Dallas, for appellee.

LOONEY, Justice.

George T. Morris and two others, minority stockholders, sued Rex Refining Company, of Upshur county, Tex., A. Wier of Dallas county, and Jim Newkirk of Red River county, Tex., two of the three directors of the company (plaintiff Morris being the other). Morris is seeking judgment for an alleged indebtedness of $1,800, and he and the other two, as minority stockholders, alleged the cause of action hereinafter disclosed, and, as an incident, sought the appointment of a receiver for the business and affairs of the company. Hearing on the application for receiver was had on January 11, 1934, but before the hearing began the Rex Refining Company interposed a plea of privilege to be sued in Upshur, the county of its domicile. In this status, and over objections urged by the company, to the effect that the receivership matter should not be heard until after the plea of privilege was disposed of, the court appointed a receiver, as prayed, who qualified and is now acting. The refining company having appealed without a statement of facts, the material allegations of plaintiffs' petition must be accepted as true, in determining whether the receiver should have been appointed.

Plaintiffs alleged, in substance, that about October 10, 1933, defendants Wier and Newkirk (two of the three directors), without authority of the stockholders and without notice, held a meeting, declared a vacancy in the board of directors and in the office of president (positions held by plaintiff Morris), and purportedly elected one Grundy Howell, president, although ineligible, in that he was neither a director nor a stockholder in the company, thus automatically ousting plaintiff Morris as director and president of the company; that this conduct of Wier and Newkirk was in furtherance of a formed conspiracy to obtain control of the corporation

and prevent the other stockholders from obtaining dividends upon their stock; that in its furtherance defendant Wier, without authority, obtained possession of the books and records of the company, took possession of its refining plant, and proceeded to operate same, refusing plaintiffs permission to go in or about the premises, to examine the books and property of the company, or to have anything to do or say concerning the operation or management of its business, openly avowing that they intended to depreciate the stock of the corporation until it had no value and earned no dividends, especially the stock owned by plaintiffs, and avowed that they would refuse to recognize rights in any person to whom plaintiffs might transfer their stock; that, in furtherance of said conspiracy, defendants proceeded to operate the refinery, entered into various contracts with parties unknown to plaintiffs, the same being illegal and void, in that Grundy Howell (the newly elected president), through whom the contracts were made, was without authority to act for the company; that plaintiffs have reason to believe, do believe and allege the fact to be that defendants intend to and are conducting the business of the company so as not to earn a profit, and are attempting to appropriate the assets of the company to their individual benefit; that, being a minority of the stockholders, plaintiffs are powerless to prevent the dissipation of the assets of the corporation, and will lose their investments unless a receiver is immediately appointed, etc.; wherefore, they prayed for a receiver for the properties and assets of the company, with authority to operate and conduct its business, "and that, upon hearing, the ownership of plaintiffs' stock in said corporation and interest therein be established by decree and order of this court," and that plaintiff Morris have judgment against the defendants, jointly and severally, for the sum of $1,800, with interest, and for general relief.

■ At the outset, appellees insist that, as appellants failed to give notice of appeal, the cause should be dismissed. This contention is overruled. It is only where appeals are prosecuted from final judgments that notice of appeal is required. Article 2253, R. S. 1925; Farwell v. Babcock, 27 Tex. Civ. App. 162, 65 S. W. 509; Abilene, etc., v. Southwestern, etc. (Tex. Civ. App.) 185 S. W. 356, 361.

■■ Appellants contend that, during the pendency of its plea of privilege, the court was without jurisdiction to appoint the receiver. The record discloses that the suit was filed January 4, 1934, defendants were cited to answer February 5th, hearing on the receivership application was set for January 11th, and on that day defendant corporation filed its plea of privilege, and thereafter, on same day, the court appointed the receiver, from which this appeal is prosecuted.

The contention of appellant is based on certain language of a general nature, employed in the decided cases, as in Craig v. Pittman & Harrison Co. (Tex. Civ. App.) 234 S. W. 1112, 1113, the court said: "The filing of the plea (of privilege) operated to preclude any other proceedings until after it had been disposed of in the manner provided by the statute." In same case, reported in 250 S. W. 667, 671, the Commission of Appeals said: "Until the controverting affidavit is filed, there is no issue for the court to decide. The law itself directs the judgment the court must enter," and further: "We think this justice court at Dallas lost jurisdiction of defendant in error when its plea of privilege was filed, and, until a controverting affidavit be filed, the only jurisdiction it had was to enter an order transferring the case to Sherman." In Brooks v. Elevator Co. (Tex. Civ. App.) 211 S. W. 288, 289, the court said: "Under the statute as it now reads the plea (of privilege), when 'filed,' is prima facie proof of defendant's right to a change of venue. The duty of the court is to enter the order, and in fact he has no power to enter any other order or judgment unless a controverting plea is filed. * * * If no contest is filed he (defendant) has established his right, and the court no longer has jurisdiction over his person, but it is with the court in a different county. Under the amendment (article 1903) the filing of the plea is both an appearance for the purpose of the plea and proof (prima facie) of the rights asserted." Other cases to the same effect could be cited. The language used by the courts in these cases was no doubt correct, as applied to the particular case under consideration, but we do not think it was intended to announce the general rule that the mere filing of a plea of privilege deprives the court of jurisdiction over the subject-matter, for, if in such a status the court is without authority to make orders for the preservation of property and to maintain the status quo, irreparable injuries will often result.

In Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174, 177, the question arose as to the authority of the court to enter an order permitting plaintiff to take a nonsuit, the contention being that, pending action on the plea of privilege, the court was without au-

thority to make any order, save one changing the venue. Judge Short met this contention with the following language: "When the plea of privilege was filed by the defendants in this case; in the absence of a controverted plea the court lost jurisdiction of the person of the defendants. Having lost this character of jurisdiction, it was deprived of the right to try and determine the cause. * * * But it has been seen that the trial court in this case in rendering its judgment (of non-suit) did not attempt to try and determine the merits of the controversy between the parties. * * * " To the same effect, see First National Bank v. Hannay (Tex. Sup.) 67 S.W.(2d) 215. So if in such status the court in which the suit is filed has jurisdiction of the subject-matter, it must follow that it may (if the situation justifies) enter all interlocutory orders necessary for its preservation.

In support of their contention, appellees cite the holding of the Commission of Appeals, Section A, in answer to certified questions in Shell Petroleum Corp'n v. Grays, 122 Tex. 491, 62 S.W.(2d) 113, 120. In that case, the application was for the appointment of a receiver and a plea of privilege pended at same time. Hearing was had on the plea of privilege, but before a ruling was made the court heard the receivership matter, and thereafter entered an order overruling the plea of privilege, and thereupon entered an order appointing a receiver. Appeals were perfected from these orders. After reaching the conclusion that the court erred in overruling the plea of privilege, the commission concluded, as follows: "From our discussion it is evident that we hold that the venue of this suit lies in Gregg county, Tex. Also since the trial court should have sustained the pleas of privilege, he erred in appointing a receiver." The logic of this holding is, that an order appointing a receiver, whether entered at the inception or at any stage of the litigation, will be set aside, as erroneous, if and when it is finally determined that the court making the appointment was not the court of proper venue for the trial of the cause on its merits.

We cannot subscribe to the correctness of this doctrine. A receivership is merely an incident to a pending suit, and is never sought as an end within itself. An appointment may be made, if authorized by the facts, at the beginning or at any stage of the litigation, and is no part of the trial of the suit proper, nor of any issue pertaining to the successful prosecution or defense of the suit. As an incident, the receivership remains with the case, subject to the orders of the court of proper venue. Where a question of venue is raised and the plea is not controverted, or where the plea is controverted but the contest is still pending, in either event the court is without authority to try the case, or any issue pertaining to its merits, but we dissent from the view that, in such status, the court is without jurisdiction of the res and powerless to preserve the subject-matter or to maintain the status quo of the litigation.

We therefore overrule this contention of appellant, and hold that, notwithstanding the pendency of defendant's plea of privilege, the court had jurisdiction of the application for the appointment of the receiver.

█ █ In this state, a receivership is regarded as merely an incident to a cause of action seeking other relief (see Hermann v. Thomas (Tex. Civ. App.) 143 S. W. 195; Style v. Lantrip (Tex. Civ. App.) 171 S. W. 786; Continental Trust Co. v. Brown (Tex. Civ. App.) 179 S. W. 939, 944; Republic Trust Co. v. Taylor (Tex. Civ. App.) 184 S. W. 772), and whether the application is bottomed on a statutory ground, or on usages of courts of equity, an appointment is only authorized where it is necessary to preserve the subject-matter of the litigation during the pendency of the suit. 23 R. C. L. 9, § 3. What then is the alleged cause of action requiring the appointment of a receiver for its preservation during the pendency of the suit? We have seen that plaintiff Morris sues on a general unsecured claim, or rather seeks recovery of damages, for the alleged breach of a contract of employment. Under the authorities, we think it clear that the court was not authorized to appoint a receiver in an action of that nature. See Cahn v. Johnson, 12 Tex. Civ. App. 304, 33 S. W. 1000; New Birmingham, etc., v. Blevens, 12 Tex. Civ. App. 410, 34 S. W. 828, 832; Carter v. Hightower, 79 Tex. 135, 15 S. W. 223; Waples-Platter Co. v. Mitchell, 12 Tex. Civ. App. 90, 35 S. W. 200; Shannon v. Harper (Tex. Civ. App.) 22 S.W.(2d) 336; In re Richardson's Estate (D. C.) 294 F. 357; 23 R. C. L. 16, § 10; High on Receivers (2d Ed.) § 406; 34 Cyc. 89. In New Birmingham Iron & Land Co. v. Blevens, supra, 12 Tex. Civ. App. 410, page 832 of 34 S. W., the court said: "The plaintiff not having a lien upon the property, the law does not permit him to take it from its owners, or their agent, and place it in the hands of a stranger, for the better security of his debt; and this though there be manifest danger that the property will be lost or disposed of before the plaintiff can run an execution against it. Vide

Carter v. Hightower, 79 Tex. 136, 15 S. W. 223."

■■ The cause of action asserted by plaintiffs, as minority stockholders, is to the effect that Wier and Newkirk (two of the three directors) formed a conspiracy to obtain control of the corporation, and by depreciating the value of its stock prevent stockholders from receiving dividends and, to that end, without authority from the stockholders and without notice, held a meeting, removed plaintiff Morris from the board of directors and from the office of president of the company, elected one Grundy Howell president, although ineligible, in that he was neither a stockholder nor director of the company; that they obtained in an unauthorized manner possession of the books and records of the company, proceeded to operate the refinery, and through Howell, acting for the company, entered into various contracts with unknown persons, excluded plaintiffs from the company's premises, denied them the right to examine its books and records, avowing that they would refuse to recognize the right of any one to whom plaintiffs might transfer stock, alleging the belief that defendants are attempting to appropriate the assets of the company to their individual use and benefit. The only specific relief prayed for by plaintiff is that their ownership of the stock in the corporation "be established by decree and order of this court."

There is no allegation that plaintiffs' ownership of stock was denied; simply that they were refused permission to enter the company's premises, to have anything to do or say concerning the operation of its business, or to inspect its books and records. No showing is made that plaintiffs are being denied dividends to which they are entitled, or that they have either sought or been deterred from transferring stock to others; nor do they show that any attempt has been made to remedy and correct the abuses of which they complain by appealing to the other stockholders.

A corporation stands in the relation of a trustee to its stockholders, so where it appears that a stockholder's ownership is challenged by the company, he may maintain an action to establish his ownership (10 Tex. Jur. p. 849, § 218; Green v. Galveston City Co. (Tex. Civ. App.) 191 S. W. 182; League v. Galveston City Co. (Tex. Civ. App.) 192 S. W. 350. But the right to maintain such an action is necessarily predicated on a denial by the corporation of the stockholder's ownership of the stock claimed.

■ Plaintiffs allege that they were denied access to the books and records of the corporation. Clearly this was the denial of a legal right, as the statute (article 1328, R. S.) guarantees to stockholders the exercise of this privilege, at all reasonable times; but the appointment of a receiver was not necessary to attain this end, as this relief could properly have been obtained in a mandamus proceeding.

The directors of the corporation have the general management of its affairs (article 1327, R. S.), a majority may transact its business (article 1323, R. S.), and generally it is held that courts will not, at the instance of a minority of the stockholders, interfere with the directors and officers in matters involving merely the exercise of business judgment and discretion. 10 Tex. Jur. 787; Farwell v. Babcock, 27 Tex. Civ. App. 162, 65 S. W. 509; Espuela L. & C. Co. v. Bindle, 5 Tex. Civ. App. 18, 23 S. W. 819.

The gravamen of plaintiffs' charge is that the conduct of Wier and Newkirk, managing directors, completed and contemplated, was illegal and beyond their authority as officers of the corporation, and in furtherance of a conspiracy to obtain control of the corporation for the sinister purpose of rendering valueless the stock of the corporation and appropriating its assets to their own use and benefit, but the petition is void of any allegation assigning a reason why the wrongful conduct of the two directors was not brought to the attention of the other stockholders in an earnest effort to have the matters of which they complained remedied. This should have been alleged, and its absence, in our opinion, rendered the petition insufficient for the appointment of the receiver.

The case of New Birmingham, etc., v. Blevens, 12 Tex. Civ. App. 410, 34 S. W. 828, presented a similar situation. The Galveston court held that shareholders could not successfully sue to protect their corporate rights from the fraudulent action of officers, in the absence of a showing that the shareholders had made an earnest effort to obtain redress at the hands of the other stockholders. Speaking on the same subject, the Supreme Court of the United States, in Hawes v. City of Oakland, 104 U. S. 450, 460, 26 L. Ed. 827, 832, said: "But, in addition to the existence of grievances which call for this kind of relief, it is equally important that before the shareholder is permitted in his own name to institute and conduct a litigation which usually belongs to the corporation, he should show to the satisfaction of the court that he has exhausted all the means within his reach to ob-

tain, within the corporation itself, the redress of his grievances; or action in conformity to his wishes. He must make an earnest, not a simulated effort, with the managing body of the corporation, to induce remedial action on their part, and this must be made apparent to the court. If time permits, or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body, in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it."

So we conclude that the court below erred in appointing the receiver, that its order should be reversed and the receiver discharged, and it is so ordered, with directions to the court below to have the receivership wound up and the properties and assets belonging to the corporation now in the hands of the receiver restored to the custody of the officers of the corporation from whom the same were received.

Reversed and rendered.

### On Rehearing.

■■■■ The original opinion in this case states that the failure of plaintiffs' petition to allege that any effort was made to induce stockholders to remedy the matters complained of rendered his petition insufficient as a basis for the appointment of the receiver. On rehearing, our attention is called to the following allegation of the petition, viz., "that the defendants being the owners of a majority of the stock of the corporation, plaintiffs are powerless by their votes as stockholders to prevent the dissipation of the assets of said corporation"; plaintiffs insisting that, in view of the situation thus described, it is apparent that any appeal to defendants for the correction of the alleged abuses would have proven unavailing.

The full force of the allegation just quoted was not appreciated at the time the original opinion was written. We adopt the view of plaintiffs, that, under the facts alleged, an appeal to defendants for relief would have proven useless and futile; however, notwithstanding this, we see no reason to change our decision. A receivership is the most radical remedy known to our jurisprudence; it discredits, cripples, and, in a majority of instances, puts an end to any business or enterprise, and, in our opinion, should never be applied where abuses may be corrected and prevented by the application of milder remedies.

As shown in the original opinion, the suit is based, in part, on a cause of action for damages for the alleged breach of a contract of employment. Under the authorities cited, it is clear that the court was not authorized to appoint a receiver in an action of that nature. The only other specific relief sought was the establishment, by decree, of the ownership of certain stock in the corporation claimed by plaintiffs. It is not shown that plaintiffs' ownership of stock in the corporation was challenged; simply that certain of their rights and privileges as stockholders had been denied, and that plaintiff Morris had been irregularly and wrongfully removed as president and director of the company. These abuses (accomplished or threatened), in our opinion, could have been corrected or prevented by remedial writs (mandamus and injunction), less radical and destructive than a receivership.

We therefore overrule the motion for rehearing.