### WINN et al. v. KETTLE.

### No. 3703.

Court of Civil Appeals of Texas. El Paso.

July 14, 1938.

Ross M. Scott, of Dallas, for appellants.

W. P. Donalson, of Dallas, for appellee.

WALTHALL, Justice.

On November 22, 1924 the appellee, John A. Kettle, filed his original petition in this cause in the District Court of Dallas County, Texas, against appellants, E. F. Winn and F. W. Winn, to recover judgment for commission alleged to be due him as a real estate broker in the sale of real estate. The original petition, briefly stated, alleged, in substance, that on or about the —— day of February, 1924, the appellants were the owners and represented to appellee that they were the owners of certain real estate in the City and County of Dallas, Texas, known and described as the east one-half of Lot No. 25 and the west one-half of Lot No. 26, in Block No. 170, according to the official map of the City of Dallas; that at the time stated appellants verbally listed said property with appellee, then and now a real estate broker, for the purpose of having appellee, as their agent, procure a purchaser for said property, and then and there verbally agreed with him and promised appellee to pay him for his services in procuring a purchaser for said property the sum of $1,500, which sum the petition alleges was and is a fair, reasonable and proper compensation for the services rendered; that the price originally asked by appellants for said property was $36,500, subject to an indebtedness then existing against said property of about $15,000; that within thirty days after the property had been listed with appellee, appellee advised appellants that he had a customer, stating her name to appellants, who would pay therefor $30,-000, but which offer appellants refused, and refused a still larger offer, but eventually appellants sold said property to appellee's customer for $37,000.

Appellants answered the original petition by general denial, and pleaded other matters not necessary to state here.

On November 18, 1933, appellee filed an amended original petition, and in the first count pleaded substantially as in the original petition; in the second count in the amended petition appellee pleaded the facts substantially as in the first count, except that in the second count it was not alleged that there was an express agreement to pay a certain amount for the services, but that appellants then and there impliedly agreed with and promised appellee to pay to him for his services in procuring a purchaser such compensa-tion and commission as his services should be reasonably worth in the locality of Dallas, and thereby impliedly agreed to pay appellee a sum not to exceed five per cent of the sum for which said property should be sold; and that five per cent was a fair and reasonable compensation.

The only addition to the original petition made by the amendment was to add a count for an implied agreement to pay a reasonable compensation as a commission.

To the amended petition appellants answered by general denial and the statutes of limitation of two and four years.

The case was submitted to a jury on special issues. The jury found, in effect, that there was no express agreement to pay $1,500 as a commission, but found that appellants impliedly agreed to pay appellee a reasonable and the usual and customary commission, and stated that amount at $475. Upon which findings the court rendered judgment for appellee in the sum as found by the jury, with interest from the date of the judgment.

The court overruled appellants' motion for a new trial and appellants appeal.

### Opinion.

The only question presented is as to the bar of the statutes of limitation on appellee's second count, implied promise to pay a reasonable amount as compensation for the service in finding a purchaser for the property.

We have concluded that the case of Rose v. Clutter, 271 S.W. 890, by the Commission of Appeals, controls the disposition to be made of this case. In that case Judge Bishop said (page 891):

"The cause of action in both the original and amended petitions is a suit for compensation for the services rendered under the same contract of employment. The only difference in the allegations in the two petitions is that in the former it is asserted that the amount of compensation to which the plaintiff in error is entitled was expressly agreed upon in the contract of employment, while in the later it is not alleged that there was an express agreement to pay a certain amount, but it is alleged that, by reason of the contract of employment, there was an implied promise to pay a reasonable sum, which was the customary compensation for such services. The amended petition did not present a new cause of action.

\* \* \* Both petitions present the same express contract of employment under which compensation was sought."

By referring to the statement of the case made by the Court of Civil Appeals, 259 S.W. 1098, it is shown that the defendant excepted to the amended petition as showing that the cause was barred by the statute of limitation of two years, Vernon's Ann.Civ.St. art. 5526.

The case is affirmed.