**Paul L. PELTON, Appellant,**

**v.**

**The FIRST NATIONAL BANK OF ANGLETON, Appellee.**

**No. 14795.**

Court of Civil Appeals of Texas.

Houston.

Feb. 24, 1966.

Rehearing Denied March 17, 1966.

Jack Harrison, Alvin, Thomas & Bennett, Ballard Bennett, Angleton, for appellant.

Evans & Gillies, Angleton, W. D. Evans, Angleton, of counsel, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment of the District Court, 23rd Judicial District of Texas, appointing a receiver to take charge of and manage appellant's rice allotment and rice acreage history, with authority to rent, lease, or sell same, subject to the prior approval of the court.

This appeal involves (1) whether or not the trial court was authorized by Article 2293, R.C.S., to appoint a receiver absent pleading setting up a cause of action for other relief; (2) whether appellee has such an interest in the Pelton rice acreage history and rice allotment as to authorize the appointment of a receiver by the trial court under said Article 2293; and (3) whether the rice allotment and acreage history is a res subject to receivership.

At a date prior to the trial of this cause, appellee had secured judgment, not final at the time of this trial, in the same court, Cause No. 45,705, on certain promissory notes against appellant in the sum of $29,-292.99. These notes were secured by a lien on certain farming machinery used in rice farming. The judgment ordered the lien foreclosed. There is evidence that the machinery would bring about $2,000.00 at a sale. Appellant has been allowed a rice acreage allotment with related history by the United States Department of Agriculture, Agricultural Stabilization and Conservation Service, in the amount of 188 acres. Under the applicable Rules and Regulations of the United States Department of Agriculture the allotment and related history acreage may be transferred to certain designated relatives, either voluntarily or by reason of the death, and may be transferred to one other than a relative on securing approval of the proper governmental agencies provided that the transferee has had certain previous rice producing experience and he acquires transferor's entire rice farming operation, except land, but including all production and harvesting equipment and irrigation equipment not permanently attached to the land. There is evidence that the current rice allotment and related acreage history could be sold for a sum in excess of the amount of the judgment. It is conceded that these regulations prohibit appellee from attaching, garnishing or reaching the rice allot-

ment and acreage history of appellant. It is not contended that appellee owns any interest in the allotment and acreage history, or has any lien thereon unless such an interest results from its lien on the farm machinery and judgment foreclosing same.

The trial court found that appellee owns a probable interest in said property and that the appointment of a receiver is necessary to protect the rights of appellee in that appellant probably could not satisfy the judgment if the receivership should not be granted. The court further found that the allotment and acreage history constituted property, which was in danger of being lost, removed or materially injured, and that unless a receiver was appointed appellee would suffer an irreparable loss.

Article 2293, R.C.S., provides as follows:

"Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases:

"1. In an action by a vendor to vacate a fraudulent purchase of property; or by a creditor to subject any property or fund to his claim; or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured.

"* * *.

"4. In all other cases where receivers have heretofore been appointed by the usages of the court of equity."

Appellee produced evidence that it had a lien on the rice farming machinery; that the machinery if sold would not bring a sum sufficient to discharge the indebtedness owed to the bank; that they knew of no property subject to execution owned by appellant other than the machinery, allotment and acreage history; that the ma-

chinery would sell for considerably more money if coupled with the allotment; that the allotment had a monetary value; that appellant had attempted to transfer the allotment and acreage history without the machinery.

The construction placed on the words "or by a creditor to subject any property or fund to his claim" by the Supreme Court in Carter v. Hightower, 1890, 79 Tex. 135, 15 S.W. 223, appears never to have been questioned. In that case the Court held that those words are to be limited to some particular fund or property belonging to a debtor upon which the creditor has a specific lien.

After a careful review of the decided cases, the authors of a comment in 40 Texas Law Review 649 (1962) concluded:

"Since the Carter Bros. v. Hightower decision, the cases all have been in accord that such a lien must be shown. The only breaches that have appeared in this judicial solidarity are two: (1) in the case of the death of a member of a partnership firm where a partnership general creditor alleges that the surviving members are wasting the firm's assets; and (2) where general creditors of an insolvent corporation show that the affairs of a corporation have so deteriorated that the 'trust fund doctrine' applied."

There is no evidence that the bank has in any fashion acquired an ownership in any degree in the allotment, if, indeed, this is possible under the rules and regulations of the Agriculture Department. Appellee had no express lien on the allotment and acreage history. The appointment of a receiver can be justified only on a showing that this is a case "where receivers have heretofore been appointed by the usages of the court of equity." Article 2293, supra; Waples-Platter Co. v. Mitchell, 12 Tex.Civ. App. 90, 35 S.W. 200; Junkin v. Sterchi Furniture Co., Tex.Civ.App.1936, 92 S.W. 2d 1098.

In 75 C.J.S. Receivers § 11, p. 670, the general rule applicable is stated:

"A receiver may be appointed only when the party moving therefor has a legal or equitable right to apply for such relief, and such party must have an interest in the subject matter, that is, he must show that he has a clear right to the property itself that he has some lien on it, or that the property constitutes a special fund to which he has a right to resort for the satisfaction of his claim."

It is clearly the rule in Texas that an action for the appointment of a receiver in cases not specifically authorized by Article 2293, supra, must be ancillary to an independent cause of action. Greenland v. Pryor, Tex.Civ.App.1962, 360 S.W.2d 423; Joy v. Joy, Tex.Civ.App.1941, 153 S.W.2d 180, writ dism.; Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563, 196 S.W. 501; Hodges Drilling Co. v. Tyler, Tex.Civ.App.1921, 233 S.W. 548; Phoenix Oil Co. v. Mc-Larren, Tex.Civ.App.1922, 244 S.W. 830; United North and South Oil Co. v. Meredith, Tex.Civ.App.1924, 258 S.W. 550; First Nat'l Bank of Dallas v. Brown, 34 S.W.2d 142, error dism., 122 Tex. 168, 53 S.W.2d 604; Hunt v. Merchandise Mart, Inc., Tex. Civ.App.1965, 391 S.W.2d 141, error ref., n. r. e.; Fikes v. Ports, Tex.Civ.App.1964, 373 S.W.2d 806, error ref., n. r. e.

Appellee's petition sets up no independent cause of action. While there is a prayer for judgment in the sum of $29,292.99, the petition alleges that appellant was indebted to the bank in that sum and that this indebtedness had been reduced to judgment in Cause No. 45,705. There are no pleadings on which a money judgment could be based, and appellee has made no contention to the contrary.

The object of this suit, as set out in the prayer to the bank's petition, was to secure the appointment by the court of a "receiver of all property above named belonging to the defendant, Paul L. Pelton, with the power to protect, preserve, save and operate the same." By its judgment the court appointed a receiver and authorized him, on prior approval of the court, to rent, lease or sell the allotment. Neither in this suit nor in Cause No. 45,705 has the bank alleged ownership of a specific interest in the allotment or of a lien thereon or sought to have an equitable interest finally adjudicated in it, or an equitable lien on the allotment foreclosed. Apparently appellee seeks to have a receiver appointed to convert the allotment into cash. Conceding that this cash would be the property of appellant, appellee would expect to be able to satisfy its judgment in Cause No. 45,705 from the proceeds of the rental or sale and thereafter the receivership, presumably, would be terminated. In other words, it appears that the court has, by the appointment of a receiver, placed the effects of this debtor in the hands of the court for the satisfaction of his debt, when appellee has neither pled nor proved a lien thereon. This procedure was condemned by the Supreme Court of Texas in Carter v. Hightower, supra, in these words:

"It is true that, in a general sense, a creditor who brings an action at law to recover a debt seeks to subject all the defendant's property to the payment of his claim. But he cannot obtain relief *against any particular article or class of property*, unless a lien be acquired upon it, by the levy of an attachment or the service of a writ of garnishment. Should the legislature see proper to pass an insolvent law, the act will doubtless provide for an equitable distribution of the debtor's effects among all its creditors. We are of opinion it was not the intention, by the act under consideration, to enable a creditor, through the appointment of receiver, to place the effects of his debtor, because insolvent, in the hands of the court for the satisfaction of his debt, unless he have a lien upon it." (emphasis added)

Since the sole object of this suit, and the only relief which the pleadings and evidence could support, is the appointment

of a receiver, the judgment of the trial court is reversed and judgment is here rendered denying the application for the appointment of a receiver.

Reversed and rendered.